IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW PAUL PARKER               *
                    Petitioner,
       v.                        *    CIVIL ACTION NO. CCB-06-1028

WILLIAM WILLIAMS, WARDEN, et al.  *
                    Respondents.
                                 ***

## MEMORANDUM

On April 24, 2006, the court received the above-captioned 28 U.S.C. § 2254 petition for writ

of habeas corpus filed by Andrew Paul Parker.  The petition presents a collateral attack on a

November, 1983 felony murder conviction entered in the Circuit Court of Maryland for Baltimore

County.[1]

Petitioner previously raised a § 2254 attack on his 1983 conviction.  In *Parker v. Maryland*

*Division of Correction, et al.*, Civil Action No. CCB-97-779 (D. Md.), petitioner challenged his

1983 conviction and life sentence for felony murder and armed robbery, arguing (i) trial court error

with regard to jury instructions; (ii) ineffective assistance of counsel; and (iii) insufficient evidence.

After full briefing, on November 18, 1997, the undersigned denied and dismissed the petition with

prejudice.  The United States Court of Appeals for the Fourth Circuit denied a certificate of

appealability and dismissed the appeal.  *See Parker v. Maryland Division of Correction, et al.*, 139

F.3d 891, 1998 WL 109899 (4th Cir. March 12, 1998) (per curiam).

---

[1]    Petitioner seemingly argues that his criminal trial did not comport with due process because it was
not conducted in accordance with Article 2, Declaration of Rights of the Maryland Constitution, which he
claims stipulates that the Federal Rules of Criminal Procedure must be applied in Maryland criminal trials.
Paper No. 1.  Petitioner claims that only within the last several weeks has he become aware of this "newly
discovered part of Maryland law."  *Id*.

The pending petition is a second and successive one which petitioner has filed attacking his 1983 conviction.  Therefore, his new claim is to be evaluated under 28 U.S.C. § 2244(b).  *See Calderon v. Thompson*, 523 U.S. 538, 554  (1998) (§ 2244 applies where the court acts pursuant to a prisoner's application for a writ of habeas corpus).[2]

Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996).  The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by petitioner.  28 U.S.C. § 2244(b)(3)(A);[3] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).  There is no information that petitioner has obtained such authorization.  Therefore, his pending petition for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are comprehensive.  Consequently, this court has attached hereto a packet of instructions

---

[2]    Under 28 U.S.C. § 2244(b), the "first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions." *Gonzales v. Crosby* ___U.S.____ 125 S. Ct. 2641, 2647 (2005); *see also* 28 U.S.C. § 2244(b)(1).  These exceptions, noted under § 2244(b)(2), provide that a claim presented in a second or successive habeas corpus petition that was not presented in a prior application shall be dismissed unless (A) petitioner shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (B)(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.   It does not appear that petitioner's new claim satisfies either exception.

[3]    28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

promulgated by the Fourth Circuit which addresses the procedure to be followed should  petitioner

wish to seek authorization in the appellate court to file a successive § 2254 petition.  It is to be

emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to

file his successive petition before this court may examine his claims.

       Accordingly, a separate Order will be entered dismissing the petition without prejudice and

without requiring a response.


  __April 28, 2006_____                                _____/s/_____
         Date                                          Catherine C. Blake
                                             United States District Judge